[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff is a building supply distributor which furnished a variety of such materials to the defendant for use in constructing a new home on Country Club Road in Middletown.
The plaintiff claims a balance due on an open account in the amount of $2,778.44. By the terms of a credit agreement, the plaintiff is entitled to interest and collection costs on "all overdue payments."
The defendant appears pro se and has testified as to alleged overcharges, shortages, defective merchandise, and credits due. The plaintiff has denied most of her claims, but admitted there were defects addressed by the manufacturers involved and that on the occasion of a visit to the premises, there were still malfunctioning locks on windows and missing screens.
The court has attempted to sift through invoices, statements and receipts in an attempt to reconcile the conflicting CT Page 10870 allegations. With respect to the plaintiff's responses to the defendant's claims, it did not have the entire account data available in court. This resulted in a request for a continuance which the court denied. As for the defendant, many of her claims were not perfected via evidence of monetary damage. On others, the court permitted them to be treated as set-offs and counterclaims. However, some of them raised separate and distinct legal issues which could not be entertained within the language of the defendant's simple denial and allegations of nonreceipt, etc. The claim with respect to the unfinished and nonmatching siding is an example of this.
The court finds weaknesses in the plaintiff's proof and believes the defendant with respect to some of her claims. It is significant to the court that defects and shortages existed at the time of the visit to the premises.
The defendant is accordingly entitled to these credits against the claimed balance:
a) For the forester frame, paid in cash: $254.00
b) For missing screens:
 4 at $18.40 each, $73.60 1 at $12.80 each, 12.80 5 at $15.20 each, 76.00 1 at $46.00 each, 46.00 ------
 208.40 c) Grilles, 14 at $30 each 420.00 ------- Total: $882.40
Lacking testimony as to hardware cost, the court cannot award damages for missing hardware, and absent testimony as to the cost of the windows with nonfunctioning locks, award is possible for them.
There was disputed testimony over a "slider," with the plaintiff claiming to have provided it and the defendant asserting this is not so, and that the slider used was a gift from relative. The court believes that both witnesses are telling the truth — as they believe the facts to be. However, the burden CT Page 10871 here is on the plaintiff, and the court concludes its burden has not been met, necessitating a credit to the defendant of $544.00, for a total credit of $1,426.40, leaving a balance due of $1,352.04.
Because of the nature of this dispute and the numerous items which form an integral part of the claimed balance, the court will not allow interest as it cannot determine what comprises "all overdue payments." Counsel fees of $400 are awarded as permitted under the credit agreement.
Judgment may enter for the plaintiff in the total amount of $1,752.04 plus taxable costs.
Anthony V. DeMayo Judge Trial Referee